STATE, CONRAD LUSH, PROSECUTOR, v. MICHAEL FOSTER.

1. The Common Pleas may reinstate an appeal dismissed for apparently good cause, on discovering mistake of law or of fact, or where the appellant has a meritorious case.
2. The evidence upon which the court reaches its determination not being part of the record, this court will not, on *certiorari*, look into it or consider its weight or sufficiency.

On *certiorari* to Middlesex Pleas.

Argued at February Term, 1882, before Justices SCUDDER and KNAPP.

For the plaintiff, *Edward W. Strong*

For the defendant, *J. R. Appleby.*

The opinion of the court was delivered by

KNAPP, J. The present case is to review the action of the Common Pleas of Middlesex, reinstating, by its order, an peal from a justice which it had previously dismissed, and allowing the appellant to file an affidavit in substitution of that filed with the justice and subsequently lost.

The power and the duty of the Common Pleas to dismiss an appeal for want of prosecution or other proper cause, is undoubted; and its right to reinstate an appeal, when its dismissal was the result of error in law, mistake of fact, or where it is a surprise to a party having a meritorious case, is also clearly established by a uniform current of decision in this court. When the court below has refused to let in an appeal which, by its order, has been stricken from the list, this court will, upon just grounds, by *mandamus*, order it back for trial. *Adams* v. *Malthis*, 3 *Harr.* 310; *Hockenbury* v. *Alpaugh*, 5 *Vroom* 342.

It was decided in the case of *Howell* v. *Van Ness*, 2 *Vroom*

443, that after the dismissal of an appeal for reasons which were apparently sufficient to call for that action, its reinstatement by the Common Pleas would only be held valid when based on some of the grounds above mentioned. It was held that the order to reinstate was not of that class of discretionary acts and determinations which were not reviewable, but that this court would inquire whether the action of the Common Pleas was based upon proper and valid grounds. But as the evidence upon which the court acts in determining the existence of such proper cause cannot be brought with the record here, this court will not, on *certiorari*, review its weight or sufficiency. It must be assumed here that the mode adopted by the court in informing itself of the facts, was a proper and lawful one.

The case shows the cause to have been tried before a justice, with the aid of a jury. An appeal was properly taken by the defendant in *certiorari* to the succeeding term of the Common Pleas. During the term, upon the application of the plaintiff in *certiorari* and in defendant's absence, the court ordered the appeal dismissed for want of prosecution, and upon the further ground that the cause having been tried by a jury, the appeal appeared to have been improperly granted by the justice, as the requisite affidavit of the appellant was not found with the papers sent up, nor did it appear by the transcript to have been filed with the justice.

The action of the court in dismissing the appeal as the matter stood before it at that time, was undoubtedly most proper. The want of an affidavit went to its jurisdiction to take cognizance of the cause. But when afterwards it was shown to the court, as it was at the same term, that an affidavit had been filed with the justice at the time of demanding the appeal, and sent up by the justice with the appeal papers, but mislaid in the clerk's office, there was presented such mistake of facts as brought the case within the rule justifying a restoration of the cause to its place on the list.

What facts were regarded by the court as laches in prosecution, do not appear; but from its subsequent action in re-

instating the appeal after the error respecting the affidavit was corrected, we may fairly assume that, for the laches alone, it would not have dismissed the appeal.

The order of the court permitting the appellant to file a new affidavit, was correct. There can be no doubt of the right, as it is the duty of an appellant to substitute a new affidavit in the Common Pleas upon satisfactory proof that one was properly filed, sent up with the transcript and subsequently lost. *Van Campen* v. *Ribble*, 2 *Harr.* 433.

Of the ground urged before the Court of Common Pleas, and here by the defendant in *certiorari*, in support of the order re-establishing the appeal, that no notice of trial of the appeal was served upon him, I think it only necessary to say that no such notice of trial was required. Certainly not from the appellee to the appellant. When appeals were usually triable only at a term after that to which they were taken, either party, under the eighty-third section of the act constituting courts for the trial of small causes as revised, (*Rev., p.* 554,) might bring on the hearing at the term holden next after the rendering of judgment, upon giving notice, in writing, to the opposite party for the specified time. In no other case is notice of trial required by the act, nor has the practice been to give such notice in ordinary cases. Now, by the provisions of the act of 1880, (*Pamph. L., p.* 14,) all appeals are to be put on the list for trial at the first term of the court to which the appeal is taken, after judgment rendered in the small cause court. Except those taken within five days next before the beginning of the term, the papers in which are not filed with the clerk of the Common Pleas three days before the first day. These latter cases go over to the next term.

The orders of the Common Pleas objected to here were rightly made. The writ of *certiorari* is therefore dismissed, with costs.